**SANDERS LAW, PLLC**
Craig B. Sanders, Esq. (CS4163)
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Telephone: (516) 203-7600
Facsimile: (516) 281-7601
csanders@sanderslawpllc.com
*Attorneys for Plaintiffs*
File No.: 109246

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FameFlynet, Inc. and BWP Media USA Inc. d/b/a Pacific Coast News,<br><br>Plaintiffs,<br><br>vs.<br><br>Broadblast Corporation and<br>Andrew W. Towle,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT** |

FameFlynet, Inc. ("FFN") and BWP Media USA Inc. d/b/a Pacific Coast News ("BWP") (hereinafter collectively referred to as "*Plaintiffs*"), by and through their undersigned counsel, for their Complaint against Broadblast Corporation ("Broadblast") and Andrew W. Towle ("Towle") (hereinafter collectively referred to as "*Defendants*"), state and allege as follows:

**INTRODUCTION**

1. This action seeks to recover for copyright infringement. Plaintiffs herein provide entertainment-related photojournalism goods and services, and own the rights to photographs featuring celebrities that they license to online and print publications. Plaintiffs have obtained U.S. copyright registrations covering many of their photographs, and many others are the subject of pending copyright applications.

1

2. Defendants own and operate a website known as www.towleroad.com (the "*Website*"). Without permission or authorization from Plaintiffs, Defendants actively copied, stored, modified, and displayed Plaintiffs' photographs on the Website and engaged in this misconduct knowingly and in violation of United States copyright laws.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

4. Additionally, this Court has subject matter jurisdiction over all of the photographs, inclusive of any unregistered images. *Reed Elsevier, Inc. v. Muchnick,* 559 U.S. 154, 130 S.Ct. 1237 (2010), *see e.g. Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1154 9th Cir. 2007); *Olan Mills, Inc. v. Linn Photo Co.,* 23 F.3d 1345, 1349 (8th Cir. 1994); *Pac. & S. Co., Inc., v. Duncan,* 744 F.2d 1490, 1499 n. 17 (11th Cir. 1984).

5. This Court has personal jurisdiction over Towle because he was served with process in the instant action while present within the State of New York and because, on information and belief, Towle resides and maintains his principal place of business in the State of New York.

6. This Court has personal jurisdiction over Broadblast because Towle, Broadblast's president, while present within the State of New York, was served with process on Broadblast's behalf. This court also has personal jurisdiction over Broadblast because, through Towle, Broadblast regularly and systematically does business within the State of New York.

7. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**PARTIES**

**I.    Plaintiffs**

8. FFN is a California corporation and maintains its principal place of business in Los Angeles County, California.

9. BWP is a Delaware corporation and maintains its principal place of business in Los Angeles County, California.

**II.   Defendants**

10. On information and belief Broadblast is a Nevada corporation with a principal place of business in Las Vegas, Nevada.

11. On information and belief, Towle is an individual who resides and maintains a principal place of business in New York County, New York, and is the president of Broadblast.

12. On information and belief Defendants are the owners and operators of the Website, are responsible for its content, and are liable and responsible to Plaintiffs based on the facts herein alleged.

13. The Website is a popular and lucrative enterprise that purposefully displays celebrity and news photographs, including Plaintiffs' copyrighted photographs.

14. The Website is monetized in that it contains paid advertisements and promotes Defendants' brand and, on information and belief, Defendants profit from these activities.

15. Without permission or authorization from Plaintiffs, Defendants volitionally selected, copied, modified, stored and displayed Plaintiffs' copyright-protected photographs (hereinafter collectively referred to as "*Photograph(s)*"), as set forth in Exhibit "1," which is annexed hereto and incorporated in its entirety herein, on the Website.

16. On information and belief, the Photographs were copied, modified, stored and displayed without license or permission, thereby infringing on Plaintiffs' copyrights (hereinafter collectively referred to as the "*Infringement(s)*").

17. As is set forth more fully in Exhibit "1," each listed Infringement contains the Uniform Resource Locator ("*URL*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than

3

transitory duration and, therefore, constitutes a specific item of infringement. *17 U.S.C. §106(5); Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1160 (9th Cir. 2007).

18. Each listed Infringement in Exhibit "1" is an exact copy of one of the Plaintiffs' original images that was directly copied and stored by Defendants on the Website.

19. Each Infringement listed in Exhibit "1" constitutes a separate and distinct act of infringement by Defendants.

20. On information and belief, Defendants take an active and pervasive role in the content posted on the Website, including, but not limited to, copying, posting, selecting, commenting on and displaying Plaintiffs' Photographs.

21. 17 U.S.C. §512, also known as the Digital Millennium Copyright Act (the "DMCA") provides a defense against an infringement that is "by reason of the storage at the direction of a user." The applicable legislative history provides that "[i]nformation that resides on the system or network operated by or for the service provider through its own acts or decisions and not at the direction of a user does not fall within the liability limitation of subsection (c)." *See* S.Rep. No. 105–190, at 43 (1998).

22. Defendants' conduct is not safe-harbored by the DMCA in that, on information and belief, Defendants have failed to register with the United States Copyright Office pursuant to 17 U.S.C. §512.

23. Yet, even if Defendants had registered with the United States Copyright Office, Defendants' conduct is still not safe-harbored by the DMCA in that neither of the Infringements were posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

24. On information and belief, Defendants were aware of facts or circumstances from which the determination regarding the Infringements was apparent. Defendants cannot claim that they were unaware of the infringing activities, including the specific Infringements which form the basis of this Complaint, since such a claim would amount to only willful blindness to the Infringements on the part of Defendants.

25. On information and belief, Defendants engaged in the Infringements knowingly and in violation of applicable United States copyright laws.

26. Additionally, on information and belief, Defendants, with "red flag" knowledge of the Infringements, failed to promptly remove same (*see 17 U.S.C.*

*§512(c)(1)(A)(i)*) as evidenced by the following:

    (a)    Defendants and/or their employees and agents created, participated in, posted and commented on "threads," postings, and articles similar to and including those featuring Plaintiffs' copyrighted Photographs; and

    (b)    Defendants and/or their employees and agents actively reviewed, monitored, commented on, deleted and "cleaned" postings, articles and threads similar to and including those featuring Plaintiffs' copyrighted Photographs;

27.    Further, Defendants have the legal right and practicable ability to control and limit the infringing activities on their Website and exercised, and/or had the ability to exercise, such right, which, on information and belief, is evidenced by the following:

    (a)    Defendants and their employees and agents had complete control over and actively reviewed and monitored the content posted on the Website.

    (b)    Defendants admit that they monitor the content on their Website.

    (c)    Defendants and their employees and agents actively review, modify and delete or "cleaned" postings, articles and threads on the Website.

28.    On information and belief, Defendants have received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, Defendants experienced increased traffic to the Website and, in turn, realized an increase their advertising revenues, sponsorship fees, readership base, brand awareness, and partnership opportunities. *17 U.S.C. §512(c)(1)(B)*.

29.    On information and belief, a large number of people have viewed the unlawful copies of the Photographs on the Website.

30.    On information and belief, Defendants at all times had the ability to stop the reproduction and display of Plaintiffs' copyrighted material.

31.    As a result of Defendants' misconduct, Plaintiffs have been substantially harmed.

### FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

32.    Plaintiffs repeat and incorporate by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

33.    The Photographs are original, creative works in which Plaintiffs own valid

copyrights properly registered or pending registration with the United States Copyright Office.

34. Plaintiffs have not licensed Defendants the right to use the Photographs in any manner, nor have Plaintiffs assigned any of their exclusive rights in their copyrights to Defendants.

35. Without permission or authorization from Plaintiffs and in willful violation of their rights under 17 U.S.C. §106, Defendants improperly and illegally copied, stored, reproduced, distributed, adapted, and publicly displayed works copyrighted by Plaintiffs, thereby violating Plaintiffs' exclusive rights in their copyrights.

36. Defendants' reproduction and display of the Photographs on the Website constitutes willful copyright infringement. *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991).

37. On information and belief, thousands upon thousands of people have viewed the unlawful copies of the Photographs on the Website.

38. As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## SECOND COUNT
*(Vicarious Copyright Infringement)*

39. Plaintiffs repeat and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

40. At all material times hereto, on information and belief, Defendants had the legal right and practicable ability to supervise, control, limit and stop the infringing conduct of their employees, agents and members, and yet, Defendants declined to do so in the instant case.

41. For example, on information and belief, Defendants had the practicable ability to police the images on the Website when their employees and agents edited, modified and/or interacted with the Photographs and, therefore, had the right and ability to supervise and control the infringing Photographs.

42. As a direct and proximate result of Defendants' refusal to exercise their right to stop or limit the infringing conduct, on information and belief, Defendants' members have continued to infringe upon Plaintiffs' Photographs, which, in turn, generates profits for Defendants directly from the use of the Infringements.

43. On information and belief, Defendants enjoyed a directed financial benefit from the infringing activity of its members, employees and agents from, inter alia, advertising revenue derived from the increased traffic to the Website and from an increase in fees paid by sponsors.

44. On information and belief, Defendants further enjoyed a directed financial benefit from using the "draw" of Plaintiffs' Photographs to increase user traffic, thereby increasing advertising revenue, sponsorship fees, partnership opportunities, brand awareness, and Defendants' readership base.

45. Accordingly, Defendants are liable as vicarious infringers since they profited from direct infringement while declining to exercise a right to stop or limit it. *See e.g.,* Perfect 10, Inc. v. Amazon.com, Inc., 508 F.3d. 1146, 1171 (9th Cir. 2007); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 929-30 (2005).

46. As a direct and proximate result of Defendants' misconduct, Plaintiffs have been substantially harmed and should be awarded statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement in an amount to be proven at trial.

## THIRD COUNT
### *(Injunction Pursuant to 17 U.S.C. §502)*

47. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

48. Plaintiffs request a permanent injunction pursuant to 17 U.S.C. §502(a) prohibiting Defendants from displaying the Infringements.

## FOURTH COUNT
*(Attorneys' Fees and Costs Pursuant to 17 U.S.C. §505)*

49. Plaintiffs repeat and incorporate, as though fully set forth herein, each and every allegation contained in the preceding paragraphs.

50. Plaintiffs request, pursuant to 17 U.S.C. §505, their attorney fees and costs for the prosecution of this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully requests judgment as follows:

That the Court enter a judgment finding that Defendants have infringed on Plaintiffs' rights to the Photographs in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. Statutory damages against Defendants pursuant to 17 U.S.C. §504(c) of up to $150,000 per infringement, or, in the alternative, Plaintiffs' actual damages and the disgorgement of Defendants' wrongful profits in an amount to be proven at trial; and

b. A permanent injunction against Defendants pursuant to 17 U.S.C. §502; and

c. Plaintiffs' attorneys' fees pursuant to 17 U.S.C. §505; and

d. Plaintiffs' costs; together with

e. Such other relief that the Court determines is just and proper.

DATED: February 8, 2016

        **SANDERS LAW, PLLC**

        By: /s/ Craig B. Sanders_____
        Craig B. Sanders, Esq. (CS4163)
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 281-7601
        csanders@sanderslawpllc.com

        *Attorneys for Plaintiffs*
        File No.:109246